Filed 8/7/13  P. v. Demontmollin CA3

<u>**NOT TO BE PUBLISHED**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C072112 |
| Plaintiff and Respondent, | (Super. Ct. No. P10CRF0282) |
| v. | |
| GREGORY SCOTT DEMONTMOLLIN, | |
| Defendant and Appellant. | |

Defendant Gregory Scott Demontmollin appeals from an order after judgment denying his motion to correct the abstract of judgment.  This is an appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

In May 2011, following his no contest pleas, defendant was sentenced to state prison for a stipulated aggregate term of three years for second degree robbery (Pen. Code, § 211), felony evading (Veh. Code, § 2800.2, subd. (a)) and a prior prison term (Pen. Code, § 667.5, subd. (b)).  The trial court did not award any presentence custody credits.  Probation reported that defendant was not entitled to credits because his time in custody was due to a parole violation (absconding).

1

In September 2012, defendant filed a motion and requested presence custody credits, claiming his custody was related to the current offenses and that the parole violation was never fully adjudicated. He attached various documents, including the trial court's order denying his petition for a writ of habeas corpus, finding that he was not entitled to dual credits in that "the records produced show that a warrant was issued for his arrest as a parolee at large and his subsequent violation was also based, at least in part, on that charge." Defendant also attached a prison report, recounting the facts underlying the robbery and evading offenses as well as a charge of absconding parole supervision. The report reflects that after defendant successfully evaded the pursuing sheriff's deputies on July 13, 2010, the deputies contacted defendant's parole agent. After the parole agent was unable to contact defendant at his residence, the agent requested a warrant for defendant as a parolee at large. Defendant's parole was suspended effective July 19, 2010. "His whereabouts were unknown until his arrest" on July 29, 2010.

On September 10, 2012, the trial court denied defendant's motion for presence custody credits. Defendant timely appeals.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant filed a supplemental letter brief. He requests that this court order the trial court to award the credits, arguing that *People v. Bruner* (1995) 9 Cal.4th 1178 (*Bruner*) does not apply "simpl[y] because the court and parole agents chose to separate the crimes committed during that course of conduct." We reject his claim.

"[W]here a period of presentence custody stems from multiple, unrelated incidents of misconduct, such custody may not be credited against a subsequent formal term of incarceration if the prisoner has not shown that the conduct which underlies the term to be credited was also a 'but for' cause of the earlier restraint. Accordingly, when one seeks credit upon a criminal sentence for presentence time already served and credited on a parole or probation revocation term, he cannot prevail simply by demonstrating that the misconduct which led to his conviction and sentence was 'a' basis for the revocation matter as well." (*Bruner*, *supra*, 9 Cal.4th at pp. 1193-1194.)

Defendant's offenses of robbery and evading on July 13, 2010, and his absconding from parole between July 19, 2010 and July 29, 2010 (when he was arrested), are "unrelated incidents of misconduct" within the meaning of *Bruner*, *supra*, 9 Cal.4th at page 1193. Defendant is not entitled to the credit for time served and credited on the parole revocation term.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

### DISPOSITION

The judgment (order) is affirmed.

BUTZ , J.

We concur:

RAYE , P. J.

HULL , J.

3